485 S.E.2d 434

**McCLUNG INVESTMENTS, INC., Appellee**

v.

**GREEN VALLEY COMMUNITY PUBLIC SERVICE DISTRICT, Appellant.**

No. 23352.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1997.

Decided April 11, 1997.

Harvey D. Peyton, Nitro, for Appellee.

Taunja Willis Miller, Michael T. Cimino, James K. Brown, Lee Van Egmond, Jackson & Kelly, Charleston, for Appellant.

MAYNARD, Justice:

The appellant, Green Valley Community Public Service District, appeals the August 29, 1995, order of the Circuit Court of Kanawha County, West Virginia, which granted summary judgment for the appellee, McClung Investments, Inc., in an action by the appellee to enjoin the appellant from collecting $22,359.82 in sewer fee arrearage. The circuit court found that a lien docketed against the appellee's property by the appellant for delinquent sewer fees was not exempted from the recordation requirements under W.Va.Code § 38–10C–1 (1943) and, therefore, was defeated by a previously recorded deed of trust. Accordingly, the circuit court ordered that the appellant's lien be discharged. For the reasons set forth below, we affirm the circuit court's order.

## FACTS

On June 5, 1986, McBran Properties, Inc., purchased a 17.29 acre tract of land near St. Albans, West Virginia. On August 17, 1988, McBran conveyed legal title to this property to a trustee to be held in trust to secure payment of a $239,492.47 debt owed by McBran to J.R. McClung. On August 24, 1988, this deed of trust was recorded in the Office of the Clerk of the County Commission of Kanawha County. On November 9, 1988, after the recordation of the deed of trust, the appellant, Green Valley Community Public Service District, docketed a notice of a lien against the McBran property in the sum of $13,890.73 for unpaid sewer fees. McBran subsequently defaulted on the debt secured by the deed of trust. On September 8, 1989, a foreclosure sale was held, pursuant to the deed of trust, on the front steps of the Kanawha County Courthouse. The appellee, McClung Investments, Inc., purchased the McBran property at the foreclosure sale for $220,000.00. McBran subsequently filed for bankruptcy relief. The bankruptcy proceedings were completed with the appellant receiving no payment for the sewer fee debt.

The action underlying the present appeal began when the appellee sought to enjoin the appellant from seeking to recover payment for the sewer fee arrearage from the appellee. After the filing of several motions and

cross motions on the issue of the continued validity of the appellant's lien as an encumbrance upon the appellee's property, the circuit court ultimately granted summary judgment in favor of the appellee finding that the August 24, 1988, lien under which the appellee held title to the property had priority over the appellant's lien recorded on November 9, 1988. Accordingly, the circuit court discharged the appellant's lien.

## DISCUSSION

■ First, we note that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Furthermore, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). Accordingly, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus Point 4, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). With this in mind, we will now examine the case before us.

■ The sole issue before us is whether a public service district lien created and enforceable under W.Va.Code § 16–13A–9 (1994) must be docketed prior to the recording of a deed of trust in order to be enforceable against a purchaser for valuable consideration without notice holding title pursuant to the deed of trust.

The parties agree that the statutory language applicable to the priority question in this case is contained in W.Va.Code § 16–

13A–9 (1989)[1] and W.Va.Code § 38–10C–1 (1943). Chapter 16, Article 13A of the W.Va. Code is titled "Public Service Districts For Water, Sewerage and Gas Services," and W.Va.Code § 16–13A–9 (1994) is titled "Rules; service rates and charges; discontinuance of service; required water and sewer connections; lien for delinquent fees." The appellant is a public service district created and operated under W.Va.Code § 16–13A–1 *et seq.* The language in W.Va.Code § 16–13A–9 (1994), at issue here, states that,

All delinquent fees, rates and charges of the district for either water facilities, sewer facilities or gas facilities are liens on the premises served of equal dignity, rank and priority with the lien on such premises of state, county, school and municipal taxes.

In order to determine the dignity, rank and priority of state, county, school and municipal tax liens we are directed to W.Va.Code § 38–10C–1 (1943) which states:

No lien in favor of the State of West Virginia, or any political subdivision thereof or of any municipality therein, whether heretofore or hereafter accruing, except the lien for taxes accruing under the provisions of article eight [§ 11–8–1 et seq.] chapter eleven of the Code of West Virginia, one thousand nine hundred thirty-one, shall be enforceable as against a purchaser (including lien creditor) of real estate or personal property for a valuable consideration, without notice, unless docketed, as hereinafter provided, in the office of the clerk of the county court [county commission] of the county wherein such real estate or personal property is, before a deed therefor to such purchaser is delivered for record to the clerk of the county court [county commission] of such county. The term "purchaser" as used herein shall be construed to include lien creditors whose liens were acquired and perfected prior to such docketing.

1. The underlying action herein was instituted in 1990. W.Va.Code § 16–13A–9 was amended in 1994, but according to the Editor's Notes of the 1995 Replacement Volume, the effect of the 1994 amendment was merely the substitution of "bureau of public health" for "department of health," the deletion of "and regulations" following

ing "reasonable rules" in the first paragraph and following "all rules" in the second paragraph, and stylistic changes. Because the amendment of 1994 did not change the statutory language at issue here, we will cite to W.Va.Code § 16–13A–9 (1994) hereafter.

According to the language of W.Va.Code § 38–10C–1 (1943), liens in favor of the state, a political subdivision, or a municipality generally take their place in chronological order, upon docketing, with deeds of trust and other liens. The statute does, however, provide for one exception to the general rule. Liens for taxes accruing under W.Va.Code § 11–8–1 *et seq.* are not subject to the recordation requirements of W.Va.Code § 38–10C–1.

The appellant, Green Valley Community Public Service District, contends that when W.Va.Code § 16–13A–9 is read *in pari materia* with other relevant provisions of the W.Va.Code, it is apparent that the phrase "state, county, school and municipal taxes" refers to the *ad valorem* property taxes provided for in W.Va.Code § 11–8–1 *et seq.* The appellant argues that *ad valorem* property taxes are the only taxes imposed at the state, county, school and municipal levels, and that only *ad valorem* property tax liens enjoy statutory "rank" and "priority". The appellant concludes, therefore, that liens for delinquent sewer fees are included within the exception to the recordation requirement of W.Va.Code § 38–10C–1, so that its lien was enforceable against the previously recorded deed of trust.

The appellee, McClung Investments, Inc., maintained and the circuit court agreed, that a lien for delinquent sewer fees is governed by the general provisions of W.Va.Code § 38–10C–1, and not the exception for tax liens accruing under W.Va.Code § 11–8–1 *et seq.* The circuit court found as a matter of law that this exception does not extend to liens created and enforceable pursuant to W.Va.Code § 16–13A–9. We agree with the circuit court.

This appears to be an issue of first impression for this Court. We are unable to find a substantial number of cases concerning the statutory language at issue, and none concerned with the question raised here. The appellant cited *State ex rel. McMillion v. C.R. Stahl,* 141 W.Va. 233, 89 S.E.2d 693 (1955) and *Kingmill Valley Public Service District v. Riverview,* 182 W.Va. 116, 386 S.E.2d 483 (1989) to support its argument. In *McMillion* this Court found that the statutory provision of a lien on the premises for delinquent sewer fees of equal dignity, rank, and priority as a lien for state, county, school, and municipal taxes does not violate the Fourteenth Amendment of the United States Constitution and Sections 9 and 10 of Article III of the Constitution of West Virginia. *State ex rel. McMillion v. C.R. Stahl, supra* at 241, 89 S.E.2d at 699. In *Kingmill* we concluded that,

> where a [Public Service District], pursuant to W.Va.Code, 16–13A–9, requires a property owner, tenant, or occupant to connect onto its sewer system and to abandon a private sewer system located on the property, such person cannot recover from the [Public Service District] the value of such private system on the ground that such abandonment constitutes a taking of private property without just compensation within the meaning of Article III, Section 9 of the Constitution of West Virginia.

*Kingmill,* 182 W.Va. at 119, 386 S.E.2d at 486. We do not find either of these cases to be dispositive of the issue before us.

We have, however, found scholarly commentary on the question of priority of liens presented in this case. Specifically, we note that John W. Fisher, II, Professor of Law at the West Virginia University College of Law and the foremost authority in this field in the State, wrote the following in a recent West Virginia Law Review article:

> If the property is served by a public service district, Section 16–13A–9 provides, in part, that "[a]ll delinquent fees, notes and charges of the district for either water facilities, sewer facilities or gas facilities are liens on the premises served of equal dignity, rank and priority with the lien on such premises of state, county, school and municipal taxes." Because Section 16–13A–3 provides, in part that "[f]rom and after the date of the adoption of the order creating any public service district, it is a public corporation and political subdivision of the state, but without any power to levy or collect ad valorem taxes," the above provision of Section 38–10C–1 would be applicable, and the public service lien would have to be docketed to be enforceable as against a purchaser of the real estate for valuable consideration, without notice.

John W. Fisher, II, *The Scope of Title Examination in West Virginia: Can Reason-*

*able Minds Differ?*, 98 W.Va. L.Rev. 449, 528–529 (1996) (footnote numbers omitted).

We are persuaded by the reasoning of Professor Fisher and find, therefore, that public service district liens created and enforceable under W.Va.Code § 16–13A–9 are subject to the recordation requirements of W.Va.Code § 38–10C–1 so that such liens must be docketed to be enforceable against a purchaser of the property for valuable consideration, without notice. Therefore, according to W.Va.Code § 38–10C–1, for the appellant's lien for delinquent sewer service fees to be superior to the deed of trust pursuant to which the appellee holds title to the property, the appellant's lien must have been docketed prior to the date of the recording of the deed of trust. There is no dispute, however, that the deed of trust was recorded prior to the docketing of the notice of the appellant's lien.

Accordingly, we affirm the circuit court's granting of summary judgment on behalf of the appellee.

Affirmed.