507 S.E.2d 120

The CITY OF PARKERSBURG, a municipal corporation, Plaintiff below, Appellee,

v.

Rosemariea C. CARPENTER; St. Joseph's Hospital of Parkersburg; and Sheriff of Wood County, West Virginia, Defendants below, Appellees,

Auditor of the State of West Virginia, Defendant below, Appellant.

No. 24955.

Supreme Court of Appeals of West Virginia.

Submitted June 3, 1998.

Decided July 13, 1998.

Robert K. Tebay, III, Esq., Assistant City Attorney, Parkersburg, West Virginia, Attorney for The City of Parkersburg.

Darrell V. McGraw, Jr., Esq., Attorney General, Kellie D. Talbott, Esq., Senior Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellant.

Jodie M. Boylen, Esq., Wood County Prosecutor's Office, Parkersburg, West Virginia, Attorney for Sheriff of Wood County.

PER CURIAM: [1]

The Auditor of the State of West Virginia appeals a June 11, 1997 order of the Circuit Court of Wood County that allowed a City of Parkersburg demolition lien on a certain piece of real estate to take priority over property tax liens of the State Auditor and a judgment lien of St. Joseph's Hospital of Parkersburg. Appellant State Auditor argues that the circuit court erred in applying the doctrine of equitable subordination. For reasons explained below, we reverse the circuit court.

## I.

On July 13, 1995, the City of Parkersburg ("City") notified Rosemariea C. Carpenter,[2] the Auditor of the State of West Virginia ("Auditor"), the Sheriff of Wood County ("Sheriff"),[3] and St. Joseph's Hospital of Parkersburg ("Hospital") by letter that the City intended to demolish a structure on a certain piece of real estate located within the City's boundaries. The City had determined that the structure had deteriorated to the extent that it presented a hazard to the public's health, safety and welfare.[4]

---

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. Rosemariea C. Carpenter, the property owner of record, did not appear in any of the proceedings below and her whereabouts were unknown to the remaining parties.

3. The Sheriff of Wood County joined the brief of the Auditor in this appeal.

4. The City's authority to demolish structures is located in *W.Va.Code,* 8–12–16(d) [1996]. It provides, in part:

> The governing body of every municipality shall have plenary power and authority to adopt an ordinance requiring the owner or owners of any dwelling or building under determination of the state fire marshal, as provided in section twelve [§ 29–3–12], article three, chapter twenty-nine of this code, or under order of the enforcement agency of the municipality, to pay for the costs of repairing, altering, or improving, or of vacating and closing,

At the time of the notification, the Auditor had five statutorily created property tax liens on the property for delinquent taxes for the years 1992 through 1996 totaling approximately $250.00 plus interest and costs.[5] The Hospital had a judgment lien[6] recorded against the property on November 21, 1994 for $3,060.50. The City removed the structure from the property, and after the demolition was completed, filed a demolition lien[7] against the property on November 27, 1995 for $2,820.06.

After the City filed the demolition lien, it filed a complaint in the Circuit Court of Wood County alleging that the City had demolished a structure on property owned by Rosemariea Carpenter, and that, as a result of the City's demolition, the lien-holding defendants and Ms. Carpenter had unjustly benefited. The City requested that it be reimbursed for the demolition costs. In the alternative, the City requested that the circuit court permit the City to sell the property and apply the proceeds first to the costs of the sale, then to the costs of demolition, and the remainder, if any, to the defendants' liens.

The Auditor filed a motion to dismiss, and the circuit court, by letter on February 14, 1996, denied the motion, except for the City's request for monetary judgment against the defendant lien holders. The court directed all parties to submit briefs on the issue of lien priority. On May 10, 1996, the circuit court heard oral argument on the priority of the liens on the subject property.

Following oral arguments the judge ruled that the City's demolition lien took priority over the Auditor's property tax liens and the Hospital's judgment lien, applying the doctrine of equitable subordination. The trial court ordered that the property be sold. This appeal followed.

## II.

■ This is a case of statutory interpretation. We are mindful that "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syllabus Point 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996). *See* Syllabus Point 1, *West Virginia Human Rights Commission v. Garretson,* 196 W.Va. 118, 468 S.E.2d 733 (1996) ("Interpreting a statute presents a purely legal question subject to our *de novo* review on which neither party bears the burden of proof.").

■ The issue before this Court is the priority of liens. The general rule in establishing priority of liens is "first in time, first in right." We have stated:

> According to the language of *W.Va.Code* § 38–10C–1 (1943), liens in favor of the state, a political subdivision, or a municipality generally take their place in chronological order, upon docketing, with the deeds of trust and other liens. The statute does, however, provide for one exception to the general rule. Liens for [real property] taxes accruing under *W.Va.Code* § 11–8–1 *et seq.* are not subject to the recordation requirements of *W.Va.Code* § 38–10C–1.

removing or demolishing any dwelling or building. Every municipality shall also have the right to file a lien against the real property in question ... or to institute a civil action in a court of competent jurisdiction against the landowner or other responsible party for all costs incurred by the municipality with respect to the property and for reasonable attorney fees and court costs incurred in the prosecution of the action.

5. *W.Va.Code,* 11A–1–2 [1961] provides:

 There shall be a lien on all real property for the taxes assessed thereon, and for the interest and other charges upon such taxes, at the rate and for the period provided by law, which lien shall attach on the first day of July, one thou-

sand nine hundred sixty-one, and each July first thereafter for the taxes payable for the ensuing fiscal year.

6. *W.Va.Code,* 38–3–6 [1923] provides, in part:

 Every judgment for money rendered in this State, other than by confession in vacation, shall be a lien on all the real estate of or to which the defendant in such judgment is or becomes possessed or entitled, at or after the date of such judgement.... Such lien shall continue so long as such judgment remains valid and enforceable, and has not been released or otherwise discharged.

7. *See supra,* footnote 4.

*McClung Investments, Inc. v. Green Valley Community Public Service District,* 199 W.Va. 490, 493, 485 S.E.2d 434, 437 (1997).[8]

 While the Auditor is exempt from the requirement to record liens for real property taxes under *W.Va.Code,* 38–10C–1 [1943], no such exemption applies to a municipal demolition lien created under *W.Va. Code,* 8–12–16. There is nothing in our statutes which allows a municipal demolition lien to have priority over other perfected liens. Rather, municipal demolition liens are required to be recorded in the office of the clerk of the county commission to provide notice under *W.Va.Code,* 38–10C–1 [1943]. Priority is determined by the chronological order of the filings of liens in the clerk's office, except for real property taxes which do not need to be recorded. *McClung, supra.*

 This Court has held:

A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.

Syllabus Point 5, *State v. Snyder,* 64 W.Va. 659, 63 S.E. 385 (1908).

The trial court acknowledged in its order that the City's lien was filed after the Auditor's liens attached and subsequent to the Hospital's judgment lien, but held that the City's demolition lien should, nevertheless, be

first in priority, due to the doctrine of equitable subordination.

 Equitable subordination is a doctrine of equity that is applied almost exclusively in bankruptcy proceedings, generally where there is inequitable conduct by a claimant resulting in injury to other creditors. 4 Lawrence P. King, *Collier on Bankruptcy,* 510.05[1] at 510–13 (15th ed. rev. 1998). The goal of the doctrine is to put a creditor in the place he would have occupied, but for the inequitable conduct. A three-factor test has been established to determine if the doctrine should apply: 1) the claimant must have engaged in inequitable conduct; 2) the claimant must have unfairly profited from the action or must have placed other creditors at a disadvantage; and 3) subordination must be consistent with the principles contained in the Bankruptcy Code. *In re Daugherty Coal Company, Inc.,* 144 B.R. 320, 323 (N.D.W.Va.1992).

 The City argues that the Auditor, the Sheriff and the Hospital have unjustly benefited from the City's demolition, and the defendants inequitably "sat on their rights." However, the City produced no evidence which tended to prove that the Auditor did anything outside of his authority, or contrary to the laws and policies that govern his office's operation. Nor was there any evidence that other defendants took any action other than that provided for by the law governing the perfection of liens. We find that the doctrine of equitable subordination is not applicable in this matter, and even if the principles of the doctrine were applied to the facts of this case, the City's lien would not be placed ahead of the defendants' liens.

Applying the general rule of "first in time, first in right," with appropriate consideration of *W.Va.Code,* 38–10C–1 [1943], the City's

8. *W.Va.Code,* 38–10C–1 [1943] provides that:

No lien in favor of the State of West Virginia, or any political subdivision thereof or any municipality therein, whether heretofore or hereafter accruing, except the lien for taxes accruing under the provisions of article eight [§ 11–8–1 et seq.] chapter eleven of the Code of West Virginia, one thousand nine hundred thirty-one, shall be enforceable as against a purchaser (including lien creditor) of real estate or personal property for a valuable consideration, without notice, unless docketed, as hereinafter provided, in the office of the clerk of the county court [county commission] of the county wherein such real estate or personal property is, before a deed therefor to such purchaser is delivered for record to the clerk of the county court [county commission] of such county. The term "purchaser" as used herein shall be construed to include lien creditors whose liens were acquired and perfected prior to such docketing.

demolition lien falls in order after the Auditor's real property tax liens and the Hospital's judgment lien.

### III.

Consequently, we reverse the June 11, 1997 order of the Circuit Court of Wood County.

Reversed.