516 S.E.2d 513

**John G. BARTLEY and Paul R. Bartley, d/b/a Panhandle Athletic Club, Plaintiffs Below, Appellants,**

**v.**

**D.L. MORGAN, JR., INC., and Westfield Insurance Companies, Defendants Below, Appellees.**

**No. 25337.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 26, 1999.

Decided June 14, 1999.

Lawrence M. Schultz, Esq., Ronald M. Harman, Esq., Burke & Schultz, Martinsburg, West Virginia, Attorneys for Bartleys.

Robert W. Trumble, Esq., William F. Rohrbaugh, Esq., Tracey Rohrbaugh, Esq., McNeer, Highland, McMunn & Varner, Martinsburg, West Virginia, Attorneys for Westfield.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Berkeley County entered on February 13, 1998. Pursuant to that order, the circuit court granted summary judgment in favor of the appellee, Westfield Insurance Company (hereinafter "Westfield"), in a declaratory judgment action instituted by the appellants, John G. Bartley and Paul R. Bartley d/b/a Panhandle Athletic Club. The appellants sought to determine whether their commercial insurance policy issued by Westfield covered damage allegedly sustained by the Panhandle Athletic Club as the result of blasting activities conducted by D.L. Morgan, Jr., Inc. (hereinafter "D. L. Morgan") while it was installing a sewer line in the vicinity of the facility.[1]

---

1. The appellants also filed a claim for damages against D.L. Morgan which was settled before the circuit court ruled on the motion for summary judgment. D.L. Morgan was released from the case and is not a party to this appeal.

In this appeal, the appellants contend that the circuit court erred because a genuine issue of material fact existed precluding summary judgment. This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is reversed, and this case is remanded for further proceedings.

### I.

In 1995, the appellants, John G. Bartley and Paul R. Bartley, owned and operated a business known as the Panhandle Athletic Club in Inwood, West Virginia.[2] The Club was operated in a metal building with a concrete slab floor. According to the appellants, the Club sustained damage on June 30, 1995, from a series of explosions caused by D.L. Morgan which was installing a sewer line in the area.

At the time the alleged blasting damage occurred, the Club was insured under a commercial insurance policy issued by Westfield. Pursuant to the policy, the appellants filed a claim with Westfield stating that the Club had sustained an undetermined amount of damage as the result of blasting activities conducted by D.L. Morgan. Subsequently, Westfield hired Fred A. Sunday, Jr., P.E., a civil engineer, to investigate the cause and extent of the alleged damage. Mr. Sunday concluded that the alleged damage was most likely the result of differential settlement and was not caused by an explosion. Based on exclusions in the Club's policy, Westfield denied the claim.[3]

On July 12, 1996, the appellants filed a declaratory judgment action against Westfield to determine whether the alleged damage was covered under the policy. As noted above, the appellants also filed a claim for damages against D.L. Morgan which was eventually settled. Westfield moved for summary judgment on November 10, 1997,

2. On January 24, 1996, the appellants sold the Club to Richard E. McCleary.

3. The Club's policy provided that Westfield would not pay for loss or damage caused by or resulting from "settling, cracking, shrinking, or expansion."

and the circuit court granted the motion on February 13, 1998. This appeal followed.

### II.

The appellants contend that the circuit court erred by granting summary judgment because a genuine issue of material fact existed as to whether the damage to the Club was caused by the blasting activities of D.L. Morgan. In Syllabus Point 3 of *Aetna Casualty & Sur. Co. v. Federal Ins. Co.,* 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court held that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *See also* Syllabus Point 3, *Evans v. Mutual Mining,* 199 W.Va. 526, 485 S.E.2d 695 (1997); Syllabus Point 1, *McClung Invs. Inc., v. Green Valley Community Pub. Serv. Dist.,* 199 W.Va. 490, 485 S.E.2d 434 (1997). We have also held that: "A circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). *See also* Syllabus Point 4, *Dieter Eng'g Servs., Inc. v. Parkland Dev., Inc.,* 199 W.Va. 48, 483 S.E.2d 48 (1996); Syllabus Point 1, *Smith v. Stacy,* 198 W.Va. 498, 482 S.E.2d 115 (1996).

The record indicates that Westfield's motion for summary judgment included an affidavit and report by Mr. Sunday which basically stated that in his expert opinion, the damage to the Club was caused by differential settlement and not the blasting activities of D.L. Morgan.[4] In response, the appellants presented the affidavit of appellant John G. Bartley. Mr. Bartley's affidavit stated, in pertinent part:

> 3. In late June, 1995, I was in my athletic club with several other persons when a long series of explosions shook the whole building. Everyone there noticed it. The explosions came from the sewer project out front.

4. Westfield also submitted the report of Richard A. Ruckman, P.E., the expert retained by D.L. Morgan. Mr. Ruckman also concluded that the damage sustained by the Club was the result of differential settlement.

4. Within a week or two of the explosions, I noticed that ridges had formed under my carpet which made some of the equipment unstable and made walking on the carpet difficult.

5. When I had the carpet removed to check the floor for damage we found that the fill material used to patch imperfections in the floor had been turned to rubble by the blasting.

■ In Syllabus Point 1 of *Whitney v. Ralph Myers Contracting Corp.*, 146 W.Va. 130, 118 S.E.2d 622 (1961), we held that:

In an action for recovery of damages to property, alleged to have resulted from blasting operations of defendant, to be entitled to recover the plaintiff must establish that the damages were caused by, or were the result of, the blasting. The question of whether the damages were caused by the blasting is for jury determination, where the evidence is materially in conflict.

Given the nature of blasting cases, we have also recognized that blasting damage must often be proven through circumstantial evidence. *Moore, Kelly & Reddish, Inc. v. Shannondale, Inc.*, 152 W.Va. 549, 563, 165 S.E.2d 113, 122 (1968).

Westfield argues that Mr. Bartley's affidavit failed to effectively refute or contradict the expert opinions, and therefore, summary judgment was appropriate. We disagree. In *State v. McWilliams*, 177 W.Va. 369, 378, 352 S.E.2d 120, 129 (1986), we stated that " '[t]he testimony of expert witnesses on an issue is not exclusive, and does not necessarily destroy the force or credibility of other testimony.' " *(Quoting* Syllabus Point 2, in part, *Webb v. Chesapeake & O. Ry. Co.*, 105 W.Va. 555, 144 S.E. 100 (1928) *cert. denied*, 278 U.S. 646, 49 S.Ct. 82, 73 L.Ed. 559 (1928)). Moreover, we have held that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syllabus Point 3, *Painter*, 192 W.Va. 189, 451 S.E.2d 755. Clearly, the circuit court was presented with conflicting evidence as to what caused the damage to the Club. This case turns on whether the damage was caused by blasting, in which instance there is coverage under the Westfield policy, or whether the damage was caused by differential settlement, in which instance there is no coverage because of the Westfield policy exclusions. As set forth in Syllabus Point 1 of *Whitney, supra*, this is a question for a jury to resolve. Consequently, we find that the circuit court erred by granting summary judgment in favor of Westfield. Therefore, the final order of the Circuit Court of Berkeley County is reversed, and this case is remanded for further proceedings.

Reversed and remanded.