530 S.E.2d 452

**George W. RHODES, Jr., and Carol D. Rhodes, Plaintiffs Below, Appellants,**

v.

**PUTNAM COUNTY SHERIFF'S DE-PARTMENT and Jamie Eggleston, Defendants Below, Appellees.**

No. 25435.

Supreme Court of Appeals of West Virginia.

Submitted March 9, 1999.

Decided June 14, 1999.

David S. Harless, Esq., Charlotte, North Carolina, Attorney for Rhodes.

David P. Cleek, Esq., Dwayne J. Adkins, Esq., Darin C. James, Esq., Shuman, Annand, Bailey, Wyant & Earles, Charleston, West Virginia, Attorneys for Putnam County Sheriff's Department.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Putnam County entered on May 30, 1997. The appellants and plaintiffs below, George and Carol Rhodes, filed suit against the Putnam County Sheriff's Department (hereinafter "Sheriff's Department") after Mr. Rhodes was shot by Jamie Eggleston, an inmate who had escaped from the Putnam County Jail.[1] As reflected in the final order, the circuit court granted summary judgment in favor of the Sheriff's Department based on the public duty doctrine. In this appeal, the appellants contend that summary judgment was not proper because the special relationship exception to the public duty doctrine applies.

This Court has before it the petition for appeal, the designated record, and the briefs and argument of counsel. For the reason set forth below, the final order of the circuit court is affirmed.

I.

Prior to July 25, 1996, Jamie Eggleston was convicted of driving under the influence and driving with a revoked license. He was incarcerated in the Putnam County Jail but was also participating in a work release program. He was employed by George Rhodes, Jr., who owned and operated a roofing business.

On July 25, 1996, Mr. Rhodes phoned the Sheriff's Department and spoke to Officer John Little. Mr. Rhodes informed Officer Little that Mr. Eggleston had been laid off work and should not be given work release until further notice. Mr. Rhodes asked the officer to advise all employees of the Sheriff's Department of this information. Mr. Rhodes also said that Mr. Eggleston was "acting funny or different" and he did not want Mr.

Eggleston near him or his job site. According to Mr. Rhodes, Officer Little told him that he would leave a note informing other employees of the Sheriff's Department that Mr. Eggleston was not to have any contact with him or his business.

The next day Mr. Eggleston escaped from the Putnam County Jail and went to Mr. Rhodes' place of business. After talking with him, Mr. Eggleston agreed to allow Mr. Rhodes and one of his employees to take him back to jail. During the trip to the jail, however, Mr. Eggleston demanded that Mr. Rhodes stop and let him exit the vehicle. When Mr. Rhodes stopped the vehicle, Mr. Eggleston pulled out a handgun and shot him in the chest and back.

In April 1996, Mr. Rhodes and his wife filed suit against Mr. Eggleston and the Sheriff's Department. They alleged that the Sheriff's Department was negligent in allowing Mr. Eggleston to escape from jail and failing to capture him. In response, the Sheriff's Department filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. This motion was denied by an order dated September 26, 1996. Subsequently, after limited discovery had been conducted, the Sheriff's Department requested a rehearing on the motion to dismiss. Thereafter, the circuit court granted the motion treating it as a motion for summary judgment under Rule 56(b) of the West Virginia Rules of Civil Procedure. This appeal followed.

II.

Initially, we note that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is required when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In Syllabus Point 3 of *Aetna Casualty & Sur. Co. v. Federal Ins. Co. of New York*, 148

---

1. The appellants also asserted a claim against Jamie Eggleston for intentional assault.

W.Va. 160, 133 S.E.2d 770 (1963), this Court held: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *See also* Syllabus Point 3, *Evans v. Mutual Mining*, 199 W.Va. 526, 485 S.E.2d 695 (1997); Syllabus Point 1, *McClung Invs., Inc. v. Green Valley Community Pub. Serv. Dist.*, 199 W.Va. 490, 485 S.E.2d 434 (1997).

■ In the case *sub judice*, the appellants contend that the circuit court erred by granting summary judgment based on the public duty doctrine.[2] "The public duty doctrine, simply stated, is that a governmental entity is not liable because of its failure to enforce regulatory or penal statutes." Syllabus Point 1, *Benson v. Kutsch*, 181 W.Va. 1, 380 S.E.2d 36 (1989). As we explained in *Randall v. Fairmont City Police Dept.*, 186 W.Va. 336, 346–47, 412 S.E.2d 737, 747–48 (1991), "the duty to fight fires or to provide police protection runs ordinarily to all citizens and is to protect the safety and well-being of the public at large; therefore, absent a special duty to the plaintiff(s), no liability attaches to a municipal fire or police department's failure to provide adequate fire or police protection" (citation omitted). However, "[i]f a special relationship exists between a local governmental entity and an individual which gives rise to a duty to such individual, and the duty is breached causing injuries, then a suit may be maintained against such entity." Syllabus Point 3, *Benson*.

■ In this case, the appellants maintain that there is evidence of a special relationship between Mr. Rhodes and the Sheriff's Department. In Syllabus Point 2 of *Wolfe v. City of Wheeling*, 182 W.Va. 253, 387 S.E.2d 307 (1989), we held that:

To establish that a special relationship exists between a local governmental entity and an individual, which is the basis for a special duty of care owed to such individual, the following elements must be shown: (1) an assumption by the local governmental entity, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the local governmental entity's agents that inaction could lead to harm; (3) some form of direct contact between the local governmental entity's agents and the injured party; and (4) that party's justifiable reliance on the local governmental entity's affirmative undertaking.

■ After reviewing the record, we find that the circuit court correctly determined that there was no evidence of a special relationship in this case. While it is undisputed that there was direct contact between Mr. Rhodes and the Sheriff's Department via Mr. Rhodes' phone call to Officer Little on July 25, 1996, there is no evidence that Officer Little or the Sheriff's Department knew that Jamie Mr. Eggleston was going to harm Mr. Rhodes. There is also no evidence that the Sheriff's Department promised Mr. Rhodes that it would prevent Mr. Eggleston from harming him if Mr. Eggleston escaped. Likewise, there is no evidence that Mr. Rhodes relied upon any alleged promise made by the Sheriff's Department to protect him from harm by Mr. Eggleston. In fact, when Mr. Eggleston appeared at his construction site, Mr. Rhodes did not phone the Sheriff's Department. Instead, he attempted to take Mr. Eggleston back to the Putnam County Jail himself.

The appellants assert that this case is analogous to *Randall*, 186 W.Va. 336, 412 S.E.2d 737 (1991), wherein this Court found that the evidence regarding a special duty raised a

2. In granting summary judgment in favor of the Sheriff's Department, the circuit court also found that the Sheriff's Department was immune from liability based on W.Va.Code § 29–12A–5 (1986) (providing statutory immunity for a political subdivision for losses or claims resulting from "any court-ordered or administratively approved work release or treatment or rehabilitation program" or "injuries resulting from the parole or escape of a prisoner"). The circuit court further found that the Sheriff's Department had not created the

right to bring this cause of action by the purchase of liability insurance to protect from the eventuality of the facts of this case. In this appeal, the appellants do not challenge the circuit court's finding of immunity based on W.Va. Code § 29–12A–5, nor do they offer evidence to refute the circuit court's finding that the Sheriff's Department's insurance contract does not cover claims which are barred by any statutory or common law immunities or defenses.

factual question for the jury. We disagree. *Randall* was a wrongful death/negligence action brought by the estate of Sandra Johnson against the Fairmont City Police Department and its chief of police and dispatcher. Ms. Johnson was murdered by Zachary Curtis Lewis while she sat in her automobile outside the police department blowing her horn attempting to get help from the police officers inside the building. Prior to the murder, Ms. Johnson had made numerous phone calls to the police department reporting that Mr. Lewis had threatened her and that she feared for her safety and her life. Although there was an outstanding arrest warrant for Mr. Lewis, the city police and other law enforcement officers had not taken any action to apprehend and arrest him.

 Unlike Ms. Johnson, Mr. Rhodes never reported that Mr. Eggleston had threatened him. Instead, he only indicated in one phone call that Mr. Eggleston was "acting funny or different." Moreover, Mr. Rhodes only contacted the police department on that occasion to tell Officer Little not to release Mr. Eggleston the next morning because he had been laid off from work. Given this evidence, we find that the appellants failed to offer evidence to prove the elements of a special relationship between Mr. Rhodes and the Sheriff's Department. In Syllabus Point 2 of *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995), we held that:

> Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Accordingly, we find that the circuit court properly granted summary judgment in favor of the Sheriff's Department.

Therefore, for the reasons set forth above, the final order of the Circuit Court of Putnam County is affirmed.

Affirmed.