STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**Gloria Allen, Plaintiff Below,**
**Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1088** (Greenbrier County 11-C-16)

**Greenbrier County Sheriff's Department,**
**and the Greenbrier County Commission,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

Petitioner Gloria Allen, by counsel Jeff C. Woods, appeals the August 14, 2012 order of the Circuit Court of Greenbrier County granting respondents' motion for summary judgment. Respondents, by counsel Wendy E. Greve and Michelle Rae Johnson, have filed a response and a supplemental appendix.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2012, petitioner initiated a civil action against the Greenbrier County Sheriff's Office, the Greenbrier County Commission, and Deputy R.A. Martin. Petitioner alleged that respondents were negligent when the Deputy Martin attempted to calm and/or apprehend James G. Wilburn during a Greenbrier East High School basketball game on or about January 23, 2009. According to petitioner, while attempting to apprehend the individual, Deputy Martin pushed petitioner down. The cause of action also alleged that respondents were negligent in the use of force and failure to use appropriate caution and care with regard to petitioner. Petitioner claims that, as a result of the respondents' actions, she suffered physical injury which caused her to incur medical expenses in the past and will cause her to continue to incur medical expenses in the future. On May 18, 2012, respondents filed a motion for summary judgment, alleging that petitioner could not prove the requisite elements of negligence and that respondents were immune under the public duty doctrine. Finding that petitioner was owed no duty of care, the circuit court granted summary judgment in respondents' favor. It is from this order that petitioner appeals.

This Court has previously held that "'[a] circuit court's entry of summary judgment is reviewed *de novo*.' Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 1, *Nat'l Union Fire Ins. Co. of Pittsburgh v. Miller*, 228 W.Va. 739, 724 S.E.2d 343 (2012). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not err in granting respondents' motion for summary judgment. To begin, it is clear that the circuit

1

court did not err in making a determination that respondents did not owe petitioner a duty of care. While petitioner cites to our prior holding in Syllabus Point 4 of *Aikens v. Debow*, 208 W.Va. 486, 541 S.E.2d 576 (2000) (holding that questions of negligence present issues of fact for jury determination when the evidence is conflicting or the facts are such that reasonable jurors may draw different conclusions from them), to argue that questions of negligence are questions of fact to be determined by a jury, the Court notes that the same opinion clearly states that

> [t]he determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law.

Syl. Pt. 5, *Aikens v. Debow*, 208 W.Va. 486, 541 S.E.2d 576 (2000).

However, it is important to note that, in granting summary judgment for respondents, the circuit court found that the public duty doctrine barred petitioner's negligence claim. In discussing the public duty doctrine, the Court has stated that

> the duty to . . . provide police protection runs ordinarily to all citizens and is to protect the safety and well-being of the public at large; therefore, absent a special duty to the plaintiff(s), no liability attaches to a municipal . . . police department's failure to provide adequate . . . police protection.

*Rhodes v. Putnam Cnty. Sheriff's Dep't*, 207 W.Va. 191, 194, 530 S.E.2d 452, 455 (1999) (quoting *Randall v. Fairmont City Police Dep't*, 186 W.Va. 336, 346-47, 412 S.E.2d 737, 747-48 (1991)). In regard to the special duty exception, we have listed the requirements necessary to establish such an exception as follows:

> "The four requirements for the application of the 'special relationship' exception to W. Va.Code § 29–12–5 cases are as follows: (1) An assumption by the state governmental entity, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the state governmental entity's agents that inaction could lead to harm; (3) some form of direct contact between the state governmental entity's agents and the injured party; and (4) that party's justifiable reliance on the state governmental entity's affirmative undertaking." Syl. Pt. 12, *Parkulo v. West Virginia Bd. of Prob. and Parole*, 199 W.Va. 161, 483 S.E.2d 507 (1996).

Syl. Pt. 11, *J.H. v. W.Va. Div. of Rehab. Services*, 224 W.Va. 147, 680 S.E.2d 392 (2009).

This analysis is important to the issue of granting summary judgment, because we have previously held that

> "[i]n cases arising under W.Va. Code § 29–12–5, the question of whether a special duty arises to protect an individual from a State governmental entity's negligence

is ordinarily a question of fact for the trier of facts." Syl. Pt. 11, *Parkulo v. West Virginia Bd. of Prob. and Parole*, 199 W.Va. 161, 483 S.E.2d 507 (1996).

*Id*. at 150, 680 S.E.2d at 396. The Court finds that under the narrow circumstances presented in the present case, the circuit court did not err in granting summary judgment in respondents' favor because of its finding that petitioner failed to allege any facts supporting the existence of any of the four factors for establishing a special duty, as set forth above. Because petitioner failed to allege facts sufficient to overcome summary judgment on this issue, the Court finds that the circuit court did not err in the granting of summary judgment.

As to petitioner's allegation that the circuit court failed to apply West Virginia Code § 29-12A-4(c)(2) to the instant matter, we find no error in the circuit court's application of this Code section, which states that

> *[s]ubject to sections five [§ 29-12A-5] and six [29-12A-6] of this article*, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows: (2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment.

The Court notes that petitioner's argument on this issue ignores the plain language of the statutes involved. This liability is clearly limited by sections five and six of Article 12A, and section five states that "[a] political subdivision is immune from liability if a loss or claim results from: (5) Civil disobedience, riot, insurrection or rebellion or the failure to provide, or the method of providing, police, law enforcement or fire protection." W.Va. Code § 29-12A-5(a)(5). Accordingly, it is clear that the circuit court properly applied West Virginia Code § 29-12A-4(c)(2), petitioner's argument that it confers liability on respondents notwithstanding.

Further, the Court finds no merit in petitioner's argument that the circuit court's application of the public duty doctrine renders West Virginia Code § 29-12A-4(c)(2) null and void because that argument fails to recognize prior case law harmonizing the public duty doctrine with the Governmental Tort Claims and Insurance Reform Act [West Virginia Code § 29-12A-1, et seq.]. We have previously held that

> *W.Va. Code*, 29–12A–5(a)(5) [1986], which provides, in relevant part, that a political subdivision is immune from tort liability for "the failure to provide, or the method of providing, police, law enforcement or fire protection [,]" is coextensive with the common-law rule not recognizing a cause of action for the breach of a general duty to provide, or the method of providing, such protection owed to the public as a whole. Lacking a clear expression to the contrary, that statute incorporates the common-law special duty rule and does not immunize a breach of a special duty to provide, or the method of providing, such protection to a particular individual.

Syl. Pt. 8, *Randall v. Fairmont City Police Dept.*, 186 W.Va. 336, 412 S.E.2d 737 (1991). Based on this holding, it is clear that this Court has already analyzed the interplay between the public duty doctrine, the special duty exception to that doctrine, and the immunity provided to political subdivisions for their method of providing police protection. As such, the public duty doctrine does not render West Virginia Code § 29-12A-4(c)(2) null and void, and petitioner is entitled to no relief in regard to this assignment of error.

For the foregoing reasons, we find no error in the decision of the circuit court and its order granting summary judgment for respondents is affirmed.

Affirmed.


**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II